**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RONALD W. KRUSE,

        Plaintiff,

v.                                                                          No. 16cv301 JAP/SCY

KEN TUTHILL,
SUSAN JORDAN TUTHILL,
WILLIAM TUTHILL,
TONY (last name unknown),
SHVANNAH (last name unknown), and
ALBUQUERQUE GRAND SENIOR RESIDENCE STAFF
and RESIDENTS (names unknown),

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS***

On April 15, 2016, *pro se* Plaintiff filed Plaintiff's Complaint (Doc. 1) and Plaintiff's

Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3),

("Application").   The Court will **GRANT** Plaintiff's Application and will **DISMISS** Plaintiff's

Complaint **without prejudice.**   Plaintiff will have until May 10, 2016 to file an amended

complaint.   Failure to timely file an amended complaint may result in dismissal of this case.

**Applications to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the person

is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,
> if the court finds that the allegations of poverty are untrue or that the action is
> frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).   "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."   *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).   "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...."   *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."   *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.   Plaintiff states that: (i) his monthly income is $200.00 from self-employment and that he is otherwise unemployed; (ii) he has only $18.00 in cash and no money in bank accounts; and (iii) he has no assets.   The Court finds that Plaintiff is unable to prepay the fees to initiate this action because of his low monthly income and because he is unemployed.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).   "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."   *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).   "In determining whether a dismissal is proper, we must accept the allegations of the

complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff alleges the following facts. *See* Complaint at 1-2. One night in April 2016, Plaintiff dozed off after he left the door to his room at a senior residence facility open in order to cool the room. While Plaintiff was asleep, someone entered his room and removed his wallet and its contents: "$83 cash, book of stamps, ss id, veterans id, mastercards, visa card, Albuquerque Sun Van Handicapped Van ID, Book of ride tickets, et al." Plaintiff placed a letter to Defendant Susan Jordan Tuthill in the outgoing mail basket at the front desk. Later that day, after noticing that his letter to Susan Jordan Tuthill was missing, Plaintiff asked the person who sits at the front if she took his letter:

> She responded that she knew nothing about the outgoing mail . . . which narrowed the field to the only other managers, [Defendants] Tony and Shvanna, who both returned to work simultaneously, on that day. Stealing the wallet was one set of damages . . . intercepting my mail to one of the owners was a second slap in the face.

Complaint at 2.   Plaintiff also alleges he spent over $500.00 in attempting to recover the contents of his wallet.   Plaintiff "value[s] the real losses, and punative [sic] damages at $2,000,000."

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.   *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").   Plaintiff does not include a short and plain statement of the grounds for the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).   It does not appear that the Court has federal question jurisdiction because there are no allegations that this action arises under the Constitution, laws, or treaties of the United States.   *See* 28 U.S.C. § 1331.   It appears that Plaintiff may be attempting to assert a state-law claim for conversion.   The Court also does not have diversity jurisdiction over Plaintiff's conversion claim because it appears that Plaintiff and Defendants Tony, Shvannah, and the staff and residents of Albuquerque Grand Senior Residence, likely are citizens of New Mexico.   *See Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (in order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000 . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").   Furthermore, although Plaintiff seeks damages in the amount of $2,000,000.00, he has not alleged sufficient facts to convince the Court that the amount in controversy exceeds the $75,000.00 minimum required by 28 U.S.C. 1332(a).   *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011) ("Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable

4

relation to the minimum jurisdictional floor").

The Court will dismiss Plaintiff's Complaint without prejudice because Plaintiff has not met his burden of alleging facts that support jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").  Plaintiff will have until May 10, 2016 to file an amended complaint.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings").  Failure to timely file an amended complaint may result in dismissal of this case.

**Compliance with Rule 11**

While the Court will permit Plaintiff to file an amended complaint, he must do so consistent with Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

5

(**2**) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(**3**) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(**4**) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).   Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.   *See* Fed. R. Civ. P. 11(c).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 states:

At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time because the Court is dismissing Plaintiff's Complaint.   The Court will order service if Plaintiff timely files an amended complaint that alleges facts which support jurisdiction, states a claim on which relief may be granted, and includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is **GRANTED.**

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice;** and Plaintiff may file an amended complaint by May 10, 2016.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**